IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CV-00237-F

| | |
|---|---|
| LESONYA JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| BIOGEN IDEC INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This cause comes before the Court upon Defendant's motion to quash subpoenas served by Plaintiff after the discovery deadline, and for an order confirming that Plaintiff's requests for admissions are untimely, to which Defendant need not respond. (DE-27). Plaintiff has not responded to Defendant's motion, and the time for doing so has expired. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and is now ripe for review. For the reasons stated herein, Defendant's motion (DE-27) is granted in part. While the undersigned concludes that Defendant is without standing to pursue its motion to quash, the Court will nevertheless *sua sponte* quash the subpoenas as facially invalid and untimely.

## BACKGROUND

Under the terms of the scheduling order, discovery in this case concluded February 13, 2012. (DE-22). On February 14, 2012, Plaintiff filed a motion to amend the

1

scheduling order to extend the deadline to complete discovery and file dispositive motions. (DE-23). Defendant opposed the motion to extend the discovery deadline as untimely. (DE-25). While the motion to extend the discovery deadline was pending with this Court, Plaintiff served Defendant with her first set of requests for admissions on February 14, 2012. (DE-28-3). Subsequently, on February 27, 2012, Plaintiff served a subpoena and noticed the deposition of a non-party, Lauren Miliambro, for March 9, 2012 in White Plains, New York. (DE-28-1). On February 28, 2012, Plaintiff served a subpoena and an amended notice for the deposition of Ms. Miliambro for March 13, 2012 in White Plains, New York. (DE-28-2).

Defendant filed the instant motion to quash the subpoenas and for a protective order on March 6, 2012. (DE-27). Defendant contends that the subpoenas and notices of deposition for Ms. Miliambro are untimely and facially deficient, and should be declared invalid. Defendant further argues it should not be required to respond to Plaintiff's requests for admissions, as they were served after completion of discovery.

On March 7, 2012, this Court denied Plaintiff's motion to extend the discovery deadline as untimely. (DE-29).

## **DISCUSSION**

"A motion to quash, or for a protective order, should be made by the person from whom the documents, things, or electronically stored information are requested." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2463.1 (3d ed. 2008). The Fourth Circuit, like many other courts, has held that a party lacks standing to

2

move to quash a subpoena issued to a nonparty when the party seeking to challenge the subpoena fails to show a personal right or privilege in the information sought by the subpoena. United States v. Idema, 118 Fed. Appx. 740, 744 (4th Cir. 2005) (per curiam) (unpublished); *see also* Wright & Miller, *supra*, at § 2463.1 n. 7 (listing cases). "This is only logical as it is the person commanded to produce the documents . . . who must make and serve the objections to the subpoena." Anderson v. Caldwell County Sheriff's Office, No. 1:09cv423, 2011 U.S. Dist. LEXIS 63107, at *4 (W.D.N.C. June 13, 2011) (citing Fed. R. Civ. P. 45(c)(2)(B)).

Here, Defendant does not have, or more appropriately, has not asserted, sufficient standing to move to quash the subpoenas issued to Ms. Miliambro, a non-party. *See* Idema, 118 Fed. Appx. at 744 (holding that where the movant failed to "make any showing that he [had] a personal right to, or privilege in, the information being [sought] in the subpoenas," he lacked standing to contest whether the subpoenas were properly issued, requiring dismissal of the appeal). Nonetheless, the undersigned agrees that the subpoenas are facially invalid.

"Upon the determination that a Rule 45 subpoena constitutes discovery, courts have routinely held that said subpoenas served outside of the discovery period are untimely." Fleetwood Transp. Corp. v. Packaging Corp. of Am., No. 1:11MC45, 2011 U.S. Dist. LEXIS 142830, at *6 (M.D.N.C. Dec. 12, 2011) (listing cases). Further, "subpoenas issued to nonparties located out-of-state must be issued in the respective federal districts where those nonparties are located." Capouch v. Cook Group Inc., No.

3

3:04CV421-H, 2006 U.S. Dist. LEXIS 24115, at *5-6 (W.D.N.C. 2006) (citing Fed. R. Civ. P. 45(a)(2)(C) ("[a] subpoena must issue as follows . . . for production and inspection . . . from the court for the district where the production or inspection is to be made"); and Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, 116 F.R.D. 363, 365-366 (M.D.N.C. 1987) (obtain production of documents from out-of-state nonparties through issuance of "out-of-district" subpoenas)).

In the instant case, the subpoenas seek production of "all contracts and/or agreements for services between Matrix Absence Management Inc. and Biogen IDEC Inc. covering the period of January 1, 2008 thru [sic] present" from Lauren Miliambro in the Office of General Counsel at Matrix Absence Management, Inc., located in Hawthorne, New York. (DE-28-1, p.6; DE-28-2, p.6). The subpoenas were not served until several weeks after completion of discovery. Inasmuch as the subpoenas were issued to an out-of-state non-party, they are facially invalid. They are moreover untimely. The Court will therefore quash the subpoenas upon its own motion. *See* Newcomb v. Principal Mut. Life Ins. Co., No. 1:07cv345, 2008 U.S. Dist. LEXIS 79980, at *8 (W.D.N.C. Aug. 11, 2008) (denying the plaintiff's motion to quash the defendant's subpoena where the plaintiff lacked standing but nevertheless *sua sponte* quashing the subpoenas as outside the bounds of Rule 26(b)(4)(A)). Defendant's motion to quash Plaintiff's subpoenas is therefore denied for lack of standing. The Court upon its own authority quashes the subpoenas issued to Ms. Miliambro as untimely and facially invalid.

With regard to the remaining portion of the motion, Defendant is correct that

4

Plaintiff's first set of requests for admissions served February 14, 2012, after completion of discovery, was untimely. The undersigned therefore grants Defendant's motion to the extent it seeks a protective order excusing it from responding to Plaintiff's untimely requests for admissions served February 14, 2012. *See* Hartz & Co. v. Production Control Info. (PCI), 1995 U.S. App. LEXIS 32063, at *14-16 (4th Cir. 1995) (per curiam) (unpublished) (affirming protective order of the district court excusing the defendants from responding to untimely discovery requests).

For the reasons stated herein, Defendant's motion (DE-27) is DENIED IN PART and GRANTED IN PART. The portion of Defendant's motion seeking to quash subpoenas served by Plaintiff on a non-party is denied for lack of standing. The portion of Defendant's motion excusing it from responding to Plaintiff's untimely requests for admissions served February 14, 2012, is granted. The Court on its own motion QUASHES the subpoenas issued to Lauren Miliambro in the Office of General Counsel at Matrix Absence Management, Inc., located in Hawthorne, New York, as untimely and facially invalid.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 5th day of April, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE